**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ARTHUR ELLISON,<br><br>            Plaintiff,<br><br>    v.<br><br>NEW JERSEY STATE PRISON MEDICAL DEPARTMENT, et al.,<br><br>            Defendants. | Civil Action No. 20-9465 (ZNQ) (LHG)<br><br>**OPINION** |

**QURAISHI, District Judge**

    Plaintiff Arthur Ellison, a convicted and sentenced prisoner at New Jersey State Prison in Trenton, New Jersey, is proceeding *pro se* with a civil rights complaint pursuant to 42 U.S.C. § 1983 and state law. (Compl., ECF No. 1.) In a prior opinion, the Court dismissed all of Plaintiff's federal claims for failure to state a claim for relief and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (Jan. 23, 2023 Op., ECF No. 8.) Before the Court is Plaintiff's amended complaint. (Am. Compl., ECF No. 9.) For the reasons below, the Court once again dismisses all federal claims in the Amended Complaint without prejudice for failure to state a claim and declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

## I. BACKGROUND AND PROCEDURAL HISTORY

The Court set forth the facts underlying this matter at length in its January 23, 2023 Opinion and does not repeat them here. (*See* Jan. 23, 2023 Op.) In sum, this case arises from alleged inadequate treatment that Plaintiff received for a longstanding skin rash. (*See id.*) Plaintiff names, among others, various nurses and doctors who treated Plaintiff as defendants.

On or around July 27, 2020, Plaintiff initiated this matter by filing a complaint with the Court. (Compl.) The Court ultimately granted Plaintiff's application to proceed *in forma pauperis* and proceeded to screen the Complaint. (*See* Jan. 23, 2023 Op.) The Court construed the Complaint as asserting Eighth Amendment inadequate medical care claims brought pursuant to Section 1983 and state law claims for negligence and/or medical malpractice. (*See id.*) The Court dismissed all federal claims for failure to state a claim for relief and declined to exercise supplemental jurisdiction over Plaintiff's state law claims. (*See id.*) Plaintiff has since submitted an amended complaint, which this Court now screens pursuant to 28 U.S.C. § 1915(e)(2)(B).

## II. STANDARD OF REVIEW

District courts must review complaints in civil actions in which a plaintiff is proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(e)(2)(B). District courts may *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which the court may grant relief, or seeks monetary relief from a defendant who is immune from such relief. *See id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to Sections 1915(e)(2)(B) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008). A court properly grants a motion to dismiss pursuant to Rule 12(b)(6) if, accepting all well-pleaded allegations in the complaint as true, and

viewing them in the light most favorable to plaintiff, plaintiff is not entitled to relief. *See Phillips*, 515 F.3d at 233.

To survive *sua sponte* screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the [alleged] misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While courts liberally construe *pro se* pleadings, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III.   DISCUSSION

The Court construes the Amended Complaint as setting forth the same claims as the original complaint, *i.e.*, Eighth Amendment inadequate medical care claims brought pursuant to Section 1983 against each defendant and state law claims for negligence and/or medical malpractice. For the reasons below, however, the Court finds that the Amended Complaint fails to state an Eighth Amendment inadequate medical care claim, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

#### A.   Inadequate Medical Care Claims

As the Court previously explained, the Eighth Amendment's prohibition against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). To state a claim of inadequate medical care in violation of the Eighth Amendment, an inmate must generally allege facts showing (i) a serious

3

medical need, and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Id.* at 106.

A medical need is "serious" if it is "one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987). A court may also determine the seriousness of the inmate's medical need by reference to the effect of denying a particular treatment. *Id.* A condition is serious if denial of a particular treatment would cause death, degeneration, or extreme pain. *See id.*

Deliberate indifference is a "subjective standard of liability consistent with reckless as that term is defined in *criminal* law." *See Nicini v. Morra*, 212 F.3d 798, 811 (3d Cir. 2000) (emphasis added). To be liable, the prison official must know of and disregard an excessive risk to inmate health or safety; the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *Farmer v. Brennan*, 511 U.S. 825, 836–37 (1994). A plaintiff, therefore, must plead enough factual matter to allow the court to infer reasonably that the official was subjectively aware of a substantial risk of serious harm and that the official disregarded that risk. *See id.*; *Iqbal*, 556 U.S. at 678.

Moreover, "mere disagreement as to the proper medical treatment" is insufficient to support an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. In cases where the complaint alleges inadequate medical treatment as opposed to a complete denial or delay of medical care, courts "presume that the treatment of a prisoner is proper absent evidence that it violates professional standards of care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017). Accordingly, at the pleading stage in such cases, "the plaintiff must allege that the treatment violated professional standards of care, in addition to alleging that the defendant acted with the

4

requisite state of mind [deliberate indifference] when providing that inadequate care." *McGinnis v. Hammer*, 751 F. App'x 287, 290 (3d Cir. 2018) (citing *Pearson*, 850 F.3d at 535); *see Hayes v. Gilmore*, 802 F. App'x 84, 88 (3d Cir. 2020) (affirming district court's dismissal of Eighth Amendment inadequate medical care claim brought by *pro se* inmate because the inmate failed to allege the course of treatment in question fell below any professional standard of care); *Young v. Halligan*, 789 F. App'x 928, 930–31 (3d Cir. 2019) (same).

Here, the Amended Complaint alleges that multiple nurses and doctors prescribed Plaintiff various creams and ointments to treat his skin condition over the relevant period. There are no well-pleaded allegations in the Amended Complaint that officials completely denied or delayed Plaintiff medical treatment. Thus, the Amended Complaint amounts to a challenge to the adequacy of the treatment he received.

However, the Amended Complaint fails to allege or plead sufficient facts from which the Court could reasonably infer that the treatment Plaintiff received fell below professional standards of care. *See McGinnis*, 751 F. App'x at 290; *Hayes*, 802 F. App'x at 88; *Young*, 789 F. App'x at 930–31. For example, the Amended Complaint fails to allege or plead sufficient facts suggesting what the relevant professional standard of care entails or how the defendants' conduct fell below that standard. To the extent Plaintiff alleges that he should have received different treatment and that the defendants denied his request to see a dermatologist, these allegations constitute a "mere disagreement as to the proper medical treatment" and, without more, are insufficient to state an Eighth Amendment claim. *Lanzaro*, 834 F.2d at 346. Accordingly, the Court denies without prejudice Plaintiff's Eighth Amendment claims against all defendants.

**B.    State Law Claims**

The Court also construes the Amended Complaint as raising state law claims for negligence and/or medical malpractice. However, as the Court has already dismissed all claims for which it has original jurisdiction, and, as further explained in the Court's January 23, 2023 Opinion, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims.

**IV.    CONCLUSION**

For the reasons set forth above, the Court dismisses without prejudice Plaintiff's Eighth Amendment inadequate medical care claims against all defendants, and the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. An appropriate Order follows.

Date: November 28, 2023

ZAHID N. QURAISHI
UNITED STATES DISTRICT JUDGE