<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---

ARTHUR ELLISON,

                Plaintiff,

                v.

NEW JERSEY STATE PRISON MEDICAL
DEPARTMENT, *et al.*,

                Defendants.

Civil Action No. 20-9465 (ZNQ) (JBD)

**OPINION**

---

**<u>QURAISHI, District Judge</u>**

This matter comes before the Court on Plaintiff Arthur Ellisons' Second Amended Complaint ("SAC") in this prisoner civil rights matter. (ECF No. 17.) Because Plaintiff was previously granted *in forma pauperis* status in this matter (*see* ECF No. 8), this Court is required to screen Plaintiff's SAC pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's SAC shall be dismissed for failure to state a claim for which relief may be granted.

**I.      <u>BACKGROUND</u>**

Plaintiff is a convicted state prisoner who throughout the period of his complaint was housed in New Jersey State Prison. (ECF No. 17 at 4.) On January 23, 2015, Plaintiff noticed a small rash on his buttocks. (*Id.*) Plaintiff asked to see medical staff, and was seen by a nurse

named Susan Spingler, who told Plaintiff the rash was not a cause for concern, and sent him back to his housing unit.  (*Id.*)

The rash, however, did not self-resolve, and Plaintiff again sought treatment for it in March 2018.  (*Id.*)  Spingler again saw Plaintiff, who told her the rash had grown significantly over the course of three year.  (*Id.*)  She told Plaintiff he would be scheduled to see a doctor, and returned him to his cell.  (*Id.*)  Later that year, Plaintiff was seen by Dr. Edith Senyumba, who told Plaintiff to keep the area clean and report back if the rash worsened.  (*Id.*at 4-5.)

A month later, Plaintiff again sought treatment as the ash remained itchy, but was told by a nurse that he was to keep the area clean and would be seen again by a doctor in the near future.  (*Id.* at 5.)  Plaintiff was seen by an "institutional doctor" a few days later, who instructed him to keep the area clean and to purchase anti-itch cream from the commissary if he wished to alleviate discomfort associated with the rash.  (*Id.*)

Plaintiff did not seek further treatment until March 2019, when he was seen twice by Dr. Robin Miller.  Miller examined the rash and told Plaintiff to keep the area clean so that the rash would resolve.  (*Id.*)  Plaintiff returned for further treatment over a year later on June 5, 2020.  (*Id.*)  He was seen by a nurse practitioner, who told him the rash could have been treated more effectively in the past.  (*Id.* at 5-6.)  Plaintiff's rash was eventually tested and determined in September 2020 to be fungal in nature.  (*Id.* at 7.)  Plaintiff thus seeks to raise claims for denial of, or inadequate medical care based on the treatment he received for this rash during this period.

In his SAC, Plaintiff names as Defendants the following: Mercer County, which he mistakenly believes operates New Jersey State Prison and its medical department, the New Jersey State Prison Medical Department, Drs. Senyumba and Miller, and Bruce Davis, the administrator of New Jersey State Prison.  (*Id.* at 3.)  Aside from the specific actions of the two doctors mentioned above, Plaintiff connects each with his claims by asserting that they have supervisory authority

over the prison's medical department and have the power to adopt policies or customs of the department and should thus be liable for the department's failings. (*Id.*) Plaintiff, however, fails to identify any policy, practice, or custom which these Defendants put into place which impacted his treatment. Plaintiff also alleges that he filed grievances and complaints which came to the attention of each Defendant, which he believes should also render them liable. (*Id.* at 8-9.)

## II.    <u>LEGAL STANDARD</u>

Because Plaintiff was granted *in forma pauperis* status in this matter, this Court is required to screen his SAC pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]'

devoid of 'further factual enhancement.'"   *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."   *Id.* (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."   *Id.* (quoting *Twombly*, 550 U.S. at 556).  A complaint that provides facts "merely consistent with" the defendant's liability it "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6).  *Id.* (quoting *Twombly*, 555 U.S. at 557).  While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    <u>DISCUSSION</u>

In his SAC, Plaintiff seeks to raise civil rights claims against Defendants asserting their deliberate indifference to his medical needs.[1]  In order to state a claim for relief for inadequate medical care under 42 U.S.C. § 1983, a plaintiff must plead facts indicating that a state actor was deliberately indifferent to his medical needs.  *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003).  Deliberate indifference is a "subjective standard of liability consistent with recklessness" which will be found only where the defendant "knows of and disregards an excessive risk to inmate health or safety."  *Id.* at 582 (internal quotations omitted).

---

[1] In addition to his medical claim, Plaintiff's SAC also contains a second count which references "unlawful state conduct" in violation of the Fourteenth Amendment.  Plaintiff, however, does not clarify the nature of any claim other than his medical claim, nor does he provide facts for any claim aside from his medical claim.  This Court thus construes this second "count" of the complaint to merely be an alternative means of raising Plaintiff's medical claim, and the court thus construes Plaintiff's SAC to only be raising deliberate indifference to medical needs claims.

Deliberate indifference therefore requires more than mere negligence.  S*ee King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).  A medical need will be considered sufficiently serious to support a constitutional claim where that need "has been diagnosed as requiring treatment or is so obvious that a lay person would easily recognize the necessity of a doctor's attention."  M*onmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987), *cert denied*, 486 U.S. 1006 (1988).  Where a prisoner has received treatment, he may generally not show deliberate indifference by asserting only his disagreement or dissatisfaction with the treatment he received.  *See Hairston v. Director Bureau of Prisons*, 563 F. App'x 893, 895 (3d Cir. 2014); *White v. Napolean*, 897 F.2d 103, 110 (3d Cir. 1990); *Andrews v. Camden Cnty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000).

In his SAC, Plaintiff essentially asserts that he received inadequate medical care for a fungal rash on his buttocks that slowly grew overtime before the rash was correctly diagnosed shortly after he filed his original complaint in this matter.  Plaintiff connects only two Defendants directly to this claim – Defendant Dr. Senyumba, who Plaintiff alleges saw him for the rash once in 2018, and Defendant Dr. Miller, who saw Plaintiff twice for the rash in March 2019.[2]  In both instances, Plaintiff alleges facts indicating that the two doctors saw Plaintiff, evaluated his rash, and gave him further care instructions – specifically to keep the area clean and allow the rash to clear on its own.  Plaintiff was apparently also instructed that he could purchase cream from the prison commissary to deal with any uncomfortable itching.  These facts, at most, suggest that the two doctors may have misdiagnosed Plaintiff's fungal rash for a normal skin rash which would

---

[2] This Court assumes without deciding for the purposes of this opinion that a fungal skin rash is a sufficiently serious medical need to support a claim for relief.

resolve without the need for medication or further treatment if kept sufficiently clean.[3]   Mere

misdiagnosis, however, is insufficient to establish a claim for deliberate indifference to medical

needs.  *See King*, 302 F. App'x at 96.  Plaintiff thus fails to state a plausible claim for relief against

the two doctors based on their direct actions during his course of treatment.

Plaintiff also seeks to connect the three individual named Defendants – Dr. Senyumba, Dr.

Miller, and Bruce Davis – to his claims based on their supervisory roles over the prison and its

medical department.  A defendant in a federal civil rights proceeding may not be held liable based

solely on his supervisory role or through a vicarious theory of liability, he instead may be held

liable only through his personal involvement in the alleged wrong.  *Chavarriaga v. N.J. Dep't of

Corr.*, 806 F.3d 210, 222 (3d Cir. 2015); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207-08 (3d Cir.

1988).  Supervisory defendants are thus generally only liable if they were directly involved in the

alleged wrongful deeds, had actual knowledge of and acquiesced in the deeds of their subordinates,

or they created a policy or custom which was the moving force behind the alleged violation of the

plaintiff's rights.  *Chavarriaga*, 806 F.3d at 222; *see also Natale v. Camden Cnty. Corr. Facility*,

318 F.3d 575, 583-84 (3d Cir. 2003).  That a defendant reviewed a prisoner's letter or inmate

grievance about the alleged violation is generally insufficient to show the level of actual

knowledge necessary to demonstrate a defendant's personal involvement sufficient to support a

plausible claim for relief.  *See, e.g., Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).

Plaintiff's SAC is devoid of any facts showing that Bruce Davis was directly involved in

Plaintiff's treatment, nor that he knew of and acquiesced in any alleged mistreatment of Plaintiff.

As discussed above, Plaintiff's allegations of the doctors' direct involvement in his treatment are

---

[3] Indeed, it is not abundantly clear that Plaintiff's fungal rash actually required medication to resolve, although the Court presumes an anti-fungal cream would have at least hastened the rashes' recovery.

insufficient to support a claim for relief.  Plaintiff's remaining allegations connecting the three individual defendants are based either upon their policy maker roles or in their review of his grievances or letters.  That Defendants reviewed Plaintiff's grievances or letters is insufficient to support a claim for relief against them in this matter, *see Dooley*, 957 F.3d at 374, and Plaintiff has failed to allege any specific policy, practice or custom which any Defendant put into place which allegedly resulted in Plaintiff's alleged mistreatment.  Plaintiff has thus failed to plead a supervisory liability claim against any of the three named individual Defendants, and his claims against them must be dismissed without prejudice for failure to state a claim for which relief may be granted.

Finally, Plaintiff also raises his claims against Mercer County, which he believes operates the prison, and the New Jersey State Prison Medical Department.  Prisons and their departments, however, are arms of the state which are both entitled to Eleventh Amendment immunity from suit in federal court and are not proper Defendants in a civil rights proceeding in any event.  *See e.g., Will v. Michigan Dep't of State Pol.*, 491 U.S. 58, 70-71 (1989); *Christ the King Manor, Inc. v. Sec'y U.S. Dep't of Health & Human Servs.*, 730 F.3d 291, 318 (3d Cir. 2013); *Walker v. Beard*, 244 F. App'x 439, 440-41 (3d Cir. 2007); *Grabow v. S. State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989).  Plaintiff's claims against the prison medical department must therefore be dismissed with prejudice.  Likewise, because New Jersey State Prison is an arm of the state of New Jersey, and not under the control or direction of Mercer County, Mercer County must be dismissed from this matter with prejudice.

**IV.    CONCLUSION**

For the reasons expressed above, Plaintiff's claims against the New Jersey State Prison Medical Department and Mercer County are **DISMISSED WITH PREJUDICE**, and Plaintiff's SAC (ECF No. 17) is otherwise **DISMISSED WITHOUT PREJUDICE** in its entirety for failure to state a claim for which relief may be granted.  Plaintiff is granted leave to file an amended complaint within thirty days.  Failure to cure the deficiencies noted in this Opinion in any Third Amended Complaint Plaintiff chooses to file may result in his claims being dismissed with prejudice.  An order consistent with this Opinion will be entered.

Date: February 10, 2026

_____s/ Zahid N. Quraishi_____
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**